UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. SAMPLEY, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0826 AC P<br><br><br><u>ORDER</u> |

　　　　Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.　　<u>Application to Proceed In Forma Pauperis</u>

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). ECF Nos. 2, 5. Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur

R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III. Complaint

The complaint alleges that defendants Sampley, Parham, Manes, Konrad, Nappen, Britton, and Rojas violated plaintiff's rights under the First and Fourteenth Amendments.[1] ECF No. 1. Specifically, plaintiff alleges that upon his arrival at California State Prison (CSP)-Sacramento, he put in an order for his annual package. Id. at 6. On February 10, 2020, plaintiff asked Britton to call Nappen, the package officer, to confirm that his package had arrived. Id. at 9. Instead, Britton called Sampley to ask whether plaintiff was eligible to receive a package because he thought that plaintiff was still on package restriction. Id. When plaintiff asked what Sampley had said, Britton responded that Sampley had said that plaintiff was not going to get his package because he had sued a lot of people and that Britton was not going to go against his boss. Id. at 10.

The following day, defendant Manes conducted a disciplinary hearing on a rules violation plaintiff had received in January. Id. During the hearing, Manes told plaintiff that he would be found guilty no matter what evidence he provided. Id. After plaintiff protested, Manes said that he would review plaintiff's evidence, but that he was under direct orders to "find plaintiff guilty no matter what" and that plaintiff should not "take it personally, it's all business." Id. Despite

---
[1] Although plaintiff also cites the Eighth Amendment, he does not allege any facts that would implicate an Eighth Amendment violation.

3

plaintiff providing evidence of his innocence, he was found guilty and put on a 180-day package restriction. Id. at 11. When plaintiff stated that he would be appealing his guilty finding, Manes told him that defendant Rojas, the same person who was going to deny his appeal, was the one who directed him to find plaintiff guilty. Id.

The day after the plaintiff's disciplinary hearing Britton approached plaintiff and taunted him by saying that "[o]nce sergeant Sampley called (Nappen) and told him to hold on to that package, it was all over because the next call went to (Rojas) th[e]n the Lieutenant to make sure that [plaintiff] never got it." Id. at 11-12. When plaintiff asked him why they were going through so much trouble to keep him from getting his package, Britton responded that it was his understanding that it was because plaintiff had sued a lot of officers at CSP-Sacramento. Id. at 12. On March 5, 2020, plaintiff found out from Britton that Nappen had sent his package back to the vendor. Id.

On March 9, 2020, plaintiff submitted a request for interview directly to Sampley regarding the proper due process procedures for his package. Id. at 12-13. Sampley responded that plaintiff had been found guilty of a rules violation, and that a final copy of the rules violation report had not been issued because the warden had not yet approved the 180-day loss of package privilege. Id. at 13. The following day plaintiff attended an unrelated meeting at which Sampley and Britton were both present, and he confronted them about his annual package being returned to the vendor. Id. at 14. Sampley admitted that plaintiff was eligible to receive an annual package, but told him that it was sent back because he had filed a lawsuit; Britton nodded in agreement. Id. Later that day, defendant Konrad was conducting the weekly wellness rounds when plaintiff confronted him about his package and told him that he knew Konrad had been involved in the retaliation, which Konrad did not deny. Id. at 15. Konrad told plaintiff that he was not going to get his package back and that he could file another lawsuit, but that he would lose and then Konrad would take more than a package from him. Id. at 16-17. When plaintiff asked for an appeal form, Konrad told him that there were no more forms available and that they would not ever be available to plaintiff. Id. at 17.

////

IV.     Defendant Parham

There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362, 371, 376 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Plaintiff has not made any allegations regarding defendant Parham and has therefore failed to state a claim against him.

V.      Grievance

While prisoners do not have "a separate constitutional entitlement to a specific prison grievance procedure," Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)), they do have a First Amendment right to petition, which includes a right of access to the courts and to pursue available prison administrative remedies, O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996); see also Assyd v. Ariz. Dep't of Corr., 745 F. App'x 773, 774 (9th Cir. 2018) ("The district court erred by construing [the allegation that an officer refused to accept prisoner's grievance] as a due process claim rather than a First Amendment claim." (citing O'Keefe, 82 F.3d at 325)).  "In order to establish that government action has infringed on the constitutional right to petition the government, an individual need not show that the government has directly interfered with the exercise of this right."  O'Keefe, 82 F.3d at 325 (citation omitted).  Instead, constitutional violations "may arise from the deterrent, or 'chilling,' effect of governmental action," and such an "unconstitutional chill will only exist if the government action has injured the individual or places the individual in immediate danger of sustaining a direct injury."  Id. (citation omitted).

Plaintiff alleges that defendant Konrad refused to provide him with an appeal form on a single occasion and implied that he would continue to refuse requests for appeal forms in the future.  However, there are no facts showing that plaintiff was unable to obtain the appeal form from another source, that he was unable to submit an appeal without using the form, or that subsequent requests for an appeals form were denied.  The allegations are therefore insufficient to demonstrate that plaintiff's right to petition the government was violated.

VI.     Disciplinary Proceedings

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full

panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  However, an inmate subject to disciplinary sanctions that include the loss of good time credits must receive certain procedural protections, including a sufficiently impartial factfinder.  See id. at 563-66, 570-71 (outlining required procedural protections).  In this case, plaintiff has not alleged the loss of any good time credits, and the Wolff court noted that its decision was not meant to "suggest . . . that the procedures required . . . for the deprivation of good time would also be required for the imposition of lesser penalties such as the loss of privileges."  Id. at 571 n.19.  Since plaintiff does not allege the loss of any good-time credits, he may also demonstrate that he is entitled to the due process outlined in Wolff by alleging facts showing that the disciplinary caused a change in confinement that "impose[d] atypical and significant hardship on [him] in relation to the ordinary incidents of prison life."  Sandin v. O'Conner, 515 U.S. 472, 484 (1995).

The complaint does not allege any penalties other than a 180-day loss of package privileges, which is insufficient to show an atypical and significant hardship.  See id., 515 U.S. at 485 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law."); Carter v. Tucker, 69 F. App'x 678, 679-80 (6th Cir. 2003) (nine-month loss of package privileges not an atypical and significant hardship).  Plaintiff has therefore failed to state a claim against Manes for depriving him of due process during his disciplinary hearing.

VII. Retaliation

A viable First Amendment claim for retaliation must establish the following five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote and citations omitted).

The allegations that Sampley retaliated against plaintiff for filing lawsuits by directing Nappen to hold plaintiff's package and send it back to the vendor are sufficient to state a claim

6

for relief. However, the facts are insufficient to show that Nappen's conduct was retaliatory because there are no facts demonstrating that Sampley told Nappen that the package was being held because of the lawsuits, or that Nappen's conduct was independently motivated by plaintiff's protected conduct. Similarly, plaintiff has failed to state a claim against Britton because he has not identified any adverse conduct by Britton. That Britton passed on what other defendants said and apparently agreed with the retaliatory conduct after the fact is insufficient.

Plaintiff's allegations that Rojas directed Manes to find plaintiff guilty and engineered the denial of his package because of plaintiff's lawsuits are sufficient to state a claim for retaliation. However, plaintiff fails to state a claim for retaliation against Manes because there are no facts showing that Manes was told why he was being directed to find plaintiff guilty or that his conduct was independently motivated by plaintiff's legal filings. Finally, although plaintiff alleges that Konrad refused to provide him with an appeals form because he had sued other officers, the denial of a form does not constitute an adverse action that is more than de minimis and is not sufficient to deter a prisoner of "ordinary firmness" from further First Amendment activities. See Watison v. Carter, 668 F.3d 1108, 1114 (9th Cir. 2012) (plaintiff must allege either conduct that "would chill or silence a person of ordinary firmness" or that he suffered harm that is "more than minimal" (citations omitted)).

VIII. Leave to Amend

For the reasons set forth above, the court finds that the complaint does not state cognizable claims against defendants Parham, Manes, Konrad, Nappen, and Britton or for interference with the grievance process or denial of due process. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires. Plaintiff may proceed forthwith to serve defendants Sampley and Rojas on his retaliation claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his retaliation claims against defendants Sampley and Rojas without amending the complaint, the court will proceed to serve

the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal without prejudice of all claims against defendants Parham, Manes, Konrad, Nappen, and Britton and the claims for interference with the grievance process and denial of due process.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

IX. Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

Some of the allegations in the complaint state claims against the defendants and some do not. You have successfully stated claims for retaliation against defendants Sampley and Rojas.

8

Your allegations against defendants Parham, Manes, Konrad, Nappen, and Britton are not sufficient to state claims for relief because you have not provided enough facts about what they did or why they acted the way they did.

You have a choice to make. You may either (1) proceed immediately on your retaliation claims against defendants Sampley and Rojas and voluntarily dismiss all other claims and defendants or (2) try to amend the complaint. If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice all of your claims against defendants Parham, Manes, Konrad, Nappen, and Britton and the claims for interference with the grievance process and denial of due process. If you choose to amend your complaint, the amended complaint must include all of the claims you want to make, including the ones that have already been found to state a claim, because the court will not look at the claims or information in the original complaint. **Any claims and information not in the amended complaint will not be considered.** You must complete the attached notification showing what you want to do and return it to the court. Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or wait for defendants to be served).

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis, ECF No. 2, is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against defendants Parham, Manes, Konrad, Nappen, and Britton and the claims for interference with the grievance process and denial of due process do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his retaliation claims against defendants Sampley and Rojas or to amend the complaint.

////

9

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of all claims against defendants Parham, Manes, Konrad, Nappen, and Britton and the claims for interference with the grievance process and denial of due process.

DATED: July 7, 2021

*/s/ Allison Claire*
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. SAMPLEY, et al.,<br><br>　　　　　Defendants. | No. 2:20-cv-0826 AC P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his retaliation claims against defendants Sampley and Rojas without amending the complaint. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice all claims against defendants Parham, Manes, Konrad, Nappen, and Britton and the claims for interference with the grievance process and denial of due process pursuant to Federal Rule of Civil Procedure 41(a).

\_\_\_\_\_ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Kareem J. Howell
　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se

1